```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

KAREN McCURRY,                    :
       Plaintiff
                                  :
       vs.                        :    CIVIL NO. 1:CV-07-1235
                                  :
MICHAEL J. ASTRUE,                          (Judge Caldwell)
Commissioner of                   :
Social Security,                        (Magistrate Judge Mannion)
       Defendant                  :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

      We are considering Plaintiff Karen McCurry's appeal of the Commissioner's decision denying her claim for Supplemental Security Income. McCurry has filed objections (doc. 12) to the Magistrate Judge's Report (doc. 11) which recommends that we deny her appeal. The Report thoroughly addresses the issues; however, we will briefly discuss McCurry's objections.

      First, McCurry argues that the Administrative Law Judge ("ALJ") erred by failing to recognize nonexertional impairments which would have affected the application of the grids used to determine whether a claimant can perform other work. *See Knight v. Barnhart*, 195 F. Supp.2d 569, 579 (D. Del. 2002). Specifically, McCurry contends that the ALJ's inclusion of a variety of nonexertional impairments in a hypothetical question posed to the vocational expert ("VE") "indicates a

finding by the ALJ that the Plaintiff suffers from . . . 'nonexertional' impairments." (doc. 12, p. 13). Due to the presence of nonexertional impairments, McCurry argues, the ALJ improperly applied the grid guidelines in denying McCurry's claim. *Id*.

We disagree that the mention of nonexertional impairments in the ALJ's hypothetical represents a "finding" concerning each impairment such that the ALJ erred in applying the grid guidelines. As noted by the Magistrate Judge, the grids may only be used as a framework when the claimant has substantial nonexertional limitations. *See* doc. 11, p. 10 (citing *Knight*, 195 F. Supp.2d at 579). The ALJ, however, determined that McCurry's depression and anxiety "do not cause . . . more than minimal limitations on her ability to perform work-related activities." TR. 18. Additionally, the ALJ noted the lack of objective medical evidence in the record concerning psychological conditions. *See* TR. 19. Third, the ALJ determined that McCurry's testimony, which included testimony regarding nonexertional impairments, was "not entirely credible." *Id*. at 20. As McCurry's testimony was the premise on which the VE's hypothetical was based, the ALJ did not err by declining to accept the VE's conclusion. Lacking credible evidence of substantial nonexertional impairments, the ALJ did not err in relying on the grid guidelines.

The second objection concerns a medical report from Dr. Michael Lavin, TR. 176-79, submitted to the Appeals Council on November 20, 2006, two months after the September 19, 2006, ALJ decision. (doc. 12, p. 15). As the Third Circuit explained in *Matthews v. Apfel*, 239 F.3d 589, 593 (3d Cir. 2001): "[W]hen the claimant seeks to rely on evidence that was not before the ALJ, the district court may remand to the Commissioner but only if the evidence is new and material and if there was good cause why it was not previously presented to the ALJ . . . ." Even if the evidence is new and material, McCurry has not sustained her burden of showing good cause. McCurry notes that the report "was not available until November 20, 2006," (doc. 12, p. 15), but fails to provide further detail. Additionally, the record suggests that while counsel for McCurry expected to receive certain medical records after the ALJ hearing, Lavin's report was not among those documents. The ALJ kept the administrative record open for an extra month so that McCurry could submit supplemental records concerning an MRI performed on McCurry, not a mental health evaluation. *See* TR. 183-84, 207-08. Notably, the ALJ, after granting counsel a month to submit the documents, asked: "-- this is the final submission so that we're not holding it waiting for something else?" *Id*. at 184. Counsel for McCurry responded: "Yes, sir." *Id*. Thus, the ALJ and counsel for McCurry did not contemplate the submission of Lavin's report. Without good cause, the Magistrate did not err

in refusing to remand McCurry's claim for further consideration based on new evidence.

     AND NOW, this 23rd day of July, 2008, upon consideration of the report (doc. 11) of the Magistrate Judge, filed March 21, 2008, and upon independent review of the record, it is ordered that:

     1. The report of the Magistrate Judge is adopted and is supplemented by the discussion in this Order;

     2. Pursuant to the recommendation of the Magistrate Judge, Plaintiff's appeal of the decision of the Administrative Law Judge is denied;

     3. The Clerk of Court shall close this file.

                        <u>/s/William W. Caldwell</u>
                        William W. Caldwell
                        United States District Judge